**FILED**

FEB 10 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MOLLY K. PRIEDEMAN (CABN 302096)
Assistant United States Attorney

    1301 Clay Street
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    molly.priedeman@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 22-CR-00031 YGR |
|     Plaintiff, | ) PLEA AGREEMENT |
|     v. | ) [UNDER SEAL] |
| ROSS KLINGER, | ) |
|     Defendant. | ) |

    I, Ross Klinger, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

    1.    I agree to plead guilty to Counts 1-3 of the captioned Information charging me with three counts of Sexual Abuse of a Ward in violation of 18 U.S.C. § 2243(b). I agree that the elements of the offense are as follows: (1) I knowingly engaged in a sexual act with a victim; (2) At the time, the victim was in official detention at a federal facility; (3) At the time, the victim was under my custodial, supervisory, or disciplinary authority; (4) my actions took place within a federal prison.

    I agree that the maximum penalties are as follows:

|   |   |   |
|---|---|---|
| a. | Maximum prison term | 15 years |
| b. | Maximum fine | $250,000 or twice the gross gain or gross loss, whichever is greater |
| c. | Maximum supervised release term | 3 years supervised release |
| d. | Restitution | |
| e. | Mandatory special assessment | $5,000 |

I understand that I am pleading guilty to multiple violations and that the Court may order that my sentence for each violation run consecutively

2.  I agree that I am guilty of the offenses to which I am pleading guilty, and I agree that the following facts are true:  Between March 2020 and October 2020, I was employed as a correctional officer at Bureau of Prisons (BOP) Federal Correctional Institute (FCI Dublin), a federal prison located in Dublin, California.  During the week of September 28, 2020, I engaged in sexual intercourse with an inmate (Victim 1) at FCI Dublin.  At the time I engaged in sexual intercourse with Victim 1, Victim 1 was in official detention at FCI Dublin and she was under my custodial, supervisory, and disciplinary authority.  I also engaged in sexual and oral intercourse with Victim 1 on multiple other occasions.  In October 2020, I transferred to a different federal facility.  I continued to correspond via email and video visits with Victim 1 while she incarcerated at FCI Dublin using an alias "Juan Garcia."  I used the alias to avoid detection by BOP officials.  I gave money to Victim 1's mother to put on her account.  I provided money to Victim 1's mother instead of putting it on Victim 1's books myself in order to hide my involvement with Victim 1.

Between March 2020 and June 2020, I engaged in sexual intercourse with an inmate (Victim 2) at FCI Dublin on multiple occasions.  At the time I engaged in sexual intercourse with Victim 2, Victim 2 was in official detention at FCI Dublin and was under my custodial, supervisory, and disciplinary authority.  I also gave Victim 2 money and was in communication with her mother.

Between approximately March 2020 and June 2020, I engaged in sexual intercourse with an inmate (Victim 3) at FCI Dublin on multiple occasions.  At the time I engaged in sexual intercourse with Victim 3, Victim 3 was in official detention at FCI Dublin and was under my custodial, supervisory, and disciplinary authority.  I gifted Victim 3 jewelry while she was at FCI Dublin, and gave her money via a

former inmate. I asked the former inmate to put money on her account in an effort to avoid detection by prison officials and law enforcement.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, including constitutional challenges to the statute of conviction. I agree to give up my right to appeal the judgment and all orders of the Court. I also agree to give up my right to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution, reserving only my right to claim that my sentence violated this plea agreement, applicable law, or the Constitution. I reserve my right to claim that my counsel was ineffective. I understand that this waiver includes, but is not limited to, any and all constitutional or legal challenges to my convictions and guilty pleas, including arguments that the statute to which I am pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support my plea of guilty.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. In the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

7. I understand that the Court must consult the United States Sentencing Guidelines and

take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the sentencing range will be calculated by the Court and that other than joining in a possible government downward departure pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range as determined by the Court. I also reserve my right to argue for a variance from the Guidelines range determined by the Court based on 18 U.S.C. § 3553(a) factors. I understand that the government is free to oppose any such request. I understand that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea.

8.    I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision, including any victim impact statements and letters from the victims, and/or their friends and family. I agree that, based on the nature of the offense, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

> Special Condition (Searches)
>
> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9.    I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

I agree to pay full restitution for all losses caused by all the schemes or offenses with which I was charged in this case, and I understand that the amount of restitution will not be limited to the loss attributable to the counts to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I understand that the Court will not consider my economic circumstances in determining the restitution amount. I agree to pay restitution in an amount to be set by the Court at the time of sentencing.

Any restitution payments shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I understand that the restitution described above creates a lien in favor of the United States on all property and rights to property I may possess upon entry of judgment and continues for the later of 20 years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in full. I further understand the government will record a notice of the lien in any county where I reside or have property. I further understand that this order of restitution cannot be discharged in bankruptcy and that if I default on the payment of a fine or restitution, the Court may revoke probation or a term of supervised release, modify the terms or conditions of probation or supervised release, resentence me, hold me in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any other action necessary to obtain compliance.

At least sixty days prior to sentencing, I agree to complete, under penalty of perjury, a financial statement provided by the U.S. Attorney's Office and to update that statement with material changes within seven days of the change. I understand that I must identify all assets and financial interests valued at more than $1,000. I further understand that these assets and financial interests include all assets and financial interests in which I have an interest, direct or indirect, whether held in my own name or in the name of another, in any property, real or personal.

I agree to surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I further agree to notify the Financial Litigation Unit, United States Attorney's Office ("FLU") before transferring any interest in property owned directly or indirectly by me, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. I also agree to notify the FLU of any interest in property I may obtain, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of this Plea Agreement until the fine or restitution is paid in full.

I agree that any fine, forfeiture, or restitution imposed by the Court against me will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. I further understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office and that monetary penalties imposed by the Court will be

1  submitted to the Treasury Offset Program so that any federal payment or transfer of returned property I

2  receive may be offset and applied to federal debts.

3      10.    I agree to cooperate with the U.S. Attorney's Office before and after I am sentenced.  My

4  cooperation will include, but will not be limited to, the following:

5      a.    I will meet with the government when requested;

6      b.    I will respond truthfully and completely to any and all questions put to me, whether in
7      interviews, before a grand jury, or at any trial or other proceeding;

    c.    I will provide all documents and other material asked for by the government;
8
    d.    I will testify truthfully at any grand jury, court, or other proceeding as requested by the
9      government;

10      e.    I will surrender any and all assets acquired or obtained directly or indirectly as a result of
    my illegal conduct; and,
11
    f.    I will request continuances of my sentencing date, as necessary, until my cooperation is
12      completed.

13      11.    I agree that the government's decision whether to file a motion pursuant to U.S.S.G.

14  § 5K1.1 or 18 U.S.C. § 3553(e), as described in the government promises section below, is based on its

15  sole and exclusive decision of whether I have provided substantial assistance and that decision will be

16  binding on me.  I understand that the government's decision whether to file such a motion, or the extent

17  of the departure recommended by any motion, will not depend on whether convictions are obtained in

18  any case. I also understand that the Court will not be bound by any recommendation made by the

19  government.

20      12.    I agree not to commit or attempt to commit any crimes before sentence is imposed or

21  before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not

22  to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the

23  government; and not to fail to comply with any of the other promises I have made in this Agreement. I

24  agree not to have any contact with any victims or witnesses in this case, either directly or indirectly,

25  before and after I am sentenced.  This includes, but is not limited to, personal contact, telephone, mail,

26  or electronic mail contact, or any other written form of communication, and includes any harassing,

27  annoying, or intimidating conduct by me directed to any victims or witnesses.  I agree that the Court

28  may also include this no-contact provision as a condition of my supervised release term.  I agree that if I

1  fail to comply with any promises I have made in this Agreement, then the government will be released

2  from all of its promises in this Agreement, including those set forth in the Government's Promises

3  Section below, but I will not be released from my guilty pleas.

4      I agree to abide by all of the terms of my pre-trial release pending sentencing. However, I agree

5  to be remanded to the custody of the United States Marshal at any time prior to my sentencing if

6  requested by Pre-Trial Services, Probation or the government or as ordered by the Court.

7      13.    If I am prosecuted after failing to comply with any promises I made in this Agreement,

8  then (a) I agree that any statements I made to any law enforcement or other government agency or in

9  Court, whether or not made pursuant to the cooperation provisions of this Agreement, may be used in

10  any way; (b) I waive any and all claims under the United States Constitution, Rule 11(f) of the Federal

11  Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or

12  rule, to suppress or restrict the use of my statements, or any leads derived from those statements; and (c)

13  I waive any defense to any prosecution that it is barred by a statute of limitations, if the limitations

14  period has run between the date of this Agreement and the date I am indicted.

15      14.    Understanding that the government has in its possession digital devices and/or digital

16  media belonging to and seized from me, I waive any right to the return of digital data contained on those

17  digital devices and/or digital media and agree that if any of these digital devices and/or digital media are

18  returned to me, the government may delete all digital data from those digital devices and/or digital media

19  before they are returned to me.

20      15.    I agree that this Agreement contains all of the promises and agreements between the

21  government and me, that this Agreement supersedes all previous agreements that I had with the

22  government (including any "proffer" agreement), and I will not claim otherwise in the future. No

23  modification of this Agreement shall be effective unless it is in writing and signed by all parties.

24      16.    I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of

25  California only, and does not bind any other federal, state, or local agency.

26  The Government's Promises

27      17.    The government agrees not to file any additional charges against the defendant that could

28  be filed as a result of the investigation that led to the captioned Information, so long as the defendant has

1 | fully disclosed such conduct to the government and otherwise complied fully with this Agreement.

2 | 18.   If, in its sole and exclusive judgment, the government decides that the defendant has

3 | cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the

4 | meaning of U.S.S.G. § 5K1.1, and otherwise complied fully with this Agreement, it will file with the

5 | Court a motion under § 5K1.1 and/or 18 U.S.C. § 3553 that explains the nature and extent of the

6 | defendant's cooperation and recommends a downward departure.

7 | The Defendant's Affirmations

8 | 19.   I confirm that I have had adequate time to discuss this case, the evidence, and the

9 | Agreement with my attorney and that my attorney has provided me with all the legal advice that I

10 | requested.

11 | 20.   I confirm that while I considered signing this Agreement, and at the time I signed it, I

12 | was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand

13 | the Agreement.

14 | 21.   I confirm that my decision to enter a guilty plea is made knowing the charges that have

15 | been brought against me, any possible defense, and the benefits and possible detriments of proceeding to

16 | trial.  I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or

17 | threatened me to enter into this Agreement.

18 |

19 | Dated: _____

ROSS KLINGER
Defendant

20 |

21 |

STEPHANIE M. HINDS
United States Attorney

22 |

23 |

24 | Dated: _2/10/22_

MOLLY K. PRIEDEMAN /NS
Assistant United States Attorney

25 |

26 | 22.   I have fully explained to my client all the rights that a criminal defendant has and all the

27 | terms of this Agreement.  In my opinion, my client understands all the terms of this Agreement and all

28 | the rights my client is giving up by pleading guilty, and, based on the information now known to me, my

client's decision to plead guilty is knowing and voluntary.

Dated: _____2/10/22_____

_____
JOHN PAUL REICHMUTH
Attorney for Defendant